IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM PERSICHETTI, *on behalf* :
*of himself and all others similarly* :
*situated*, :
                       :
        Plaintiff, :
                       :
V. :    Civil Action No. 1:19-CV-02424-JPB
                       :
T-MOBILE USA, INC, :
                       :
        Defendant. :
_____:

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS [Doc. 7]

## INTRODUCTION

Soon after Plaintiff signed up for T-Mobile's cellular telephone services in December 2018, T-Mobile began targeting him with telemarketing text message calls. Doc. 1, ¶ 10. Plaintiff asked T-Mobile to stop texting him, but T-Mobile failed to honor this request. *Id.* at ¶ 25-26. Plaintiff then escalated his complaints to the office of T-Mobile's President. *Id.* at ¶ 27. A representative told Plaintiff that T-Mobile could not stop its automated, "system generated" texts, but that it would take Plaintiff off its list for marketing calls. *Id.* at ¶¶ 28-31. Despite this promise, the calls continued. *Id.* at ¶¶ 11-15; 29; 32-34.

Unable to get T-Mobile to stop calling him, Plaintiff filed this action for damages and to enjoin future calls in violation of the Telephone Consumer Protection Act's ("TCPA") company specific (or internal) do-not-call regulation. 47 C.F.R. § 64.1200(d). "[S]ection 227(c)(5) … empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call[1] for telemarketing purposes to a residential[2] telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]'" *In re Dish Network, LLC*, 28 FCC. Rcd. 6574, ¶ 29 (2013) ("*Dish Network Order*") *quoting* 47 C.F.R. § 64.1200(d). The rule then sets forth a list of minimum procedures which must be established and implemented by anyone engaged in telemarketing. *Id.*[3]

Defendant moves to dismiss arguing that this regulation was implemented pursuant to 47 U.S.C. § 227(***d***) of the TCPA, which does not provide a private right

---

[1] A text message is a "call" under the TCPA. *See Satterfield v. Simon & Schuster*, 569 F. 3d 946, 951-953 (9th Cir. 2009).

[2] This regulation is made applicable to Plaintiff, a wireless subscriber, by 47 C.F.R. § 64.1200(e).

[3] These requirements extend to wireless carriers, such as T-Mobile. *Rules and Regulation Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 100-107 (FCC 2003) ("*2003 TCPA Order*").

of action.  Doc. 7-1, p. 2.  But, as the FCC and courts across the country have held, 47 C.F.R. § 64.1200(d) was implemented pursuant to 47 U.S.C. § 227*(c),* which explicitly provides a private right of action. *See* § 227(c)(5).

T-Mobile alternatively argues that Plaintiff has not plausibly alleged that T-Mobile failed to implement the required procedures. Doc. 7-1, p. 2. This argument fails to consider that T-Mobile bears the burden of proving as an affirmative defense that it maintained the required procedures. Regardless, the Complaint's allegations satisfy the pleading standards of Federal Rule of Civil Procedure 8(a).

## ARGUMENT AND AUTHORITY

### I.   The Company Specific Do-Not-Call Rules Were Implemented Pursuant to Subsection 227(c) of the TCPA.

Plaintiff alleges that T-Mobile violated 47 C.F.R. § 64.1200(d)—the company-specific do-not-call rule—by continuing to call[4] him without implementing appropriate procedures for maintaining a list of persons who request not to receive such text message calls. Doc. 1, ¶¶ 51-71.[5] T-Mobile contends that the rule, 47 C.F.R. § 64.1200(d), was promulgated pursuant to 47 U.S.C. § 227(d),

---

[4] A text message is a "call" under the TCPA. *See Satterfield v. Simon & Schuster*, 569 F. 3d 946, 951-953 (9th Cir. 2009).

[5] In addition to not recording and honoring Plaintiff's do-not-call requests, the calls also did not include information (e.g., address or telephone number) necessary to assist cellular service subscribers in exercising their rights not to receive such calls. 47 C.F.R. § 64.1200(d)(4); *Rules and Regulation Implementing the Telephone Consumer Protection Act of 1991*, 10 FCC Rcd. 12391, ¶¶ 5-7 (FCC 1995) ("*1995 TCPA Order*").

which lacks a private right of action. Doc. 7-1, pp. 3-8. In doing so, T-Mobile ignores the FCC's Orders implementing the company-specific do-not-call rule, as well as the text of the TCPA, the text of the regulation, its legislative history, and the weight of authority.  This controlling authority is clear that the FCC promulgated the company specific do-not-call rule under section 227(c), which provides a private right of action. *See* 47 U.S.C. § 227(c)(5).

### A.    The FCC's Orders Are Clear That There Is a Private Right of Action for Company-Specific Do-Not-Call Claims.

Nowhere in T-Mobile's brief does it cite the FCC's orders promulgating the company-specific do-not-call regulation. This omission is fatal to T-Mobile's argument. The best way to answer the question of what statutory authority the FCC was invoking when it enacted Section 64.1200(d) is to look at what the FCC said.

The FCC has repeatedly relied upon 47 U.S.C. § 227(c), including the private right of action in subsection c(5), as its authority for the company specific do-not-call regulation. *See, e.g., Dish Network*, 28 FCC. Rcd. 6574 at ¶ 29 (The private right of action under § 227(c)(5) applies to company-specific do-not-call violations); *1992 TCPA Order*, 7 FCC. Rcd. 8752 at ¶¶ 7, 10-24 *citing* 47 U.S.C. § 227(c); *Id.* at ¶ 24 (finding that section 227(c)(5) applies to claims for violations of the company-specific do-not-call requirements); *1995 TCPA Order*, 10 FCC Rcd. 12391, ¶ 5 n.20 (citing 47 U.S.C. § 227(c)(1) as basis for "the Commission to

implement rules that address the needs of residential telephone subscribers to avoid receiving telephone solicitations to which they object"). Because the FCC's Orders are controlling in this circuit, *see Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F. 3d 1110 (11th Cir. 2014), the FCC's express statements that Section 64.1200(d) was implemented pursuant to 47 U.S.C. § 227(c) requires this Court to reject T-Mobile's argument that there is no private right of action for Plaintiff's claims.

### B. The Text of the TCPA is Clear That There Is a Private Right of Action for Plaintiff's Claims.

Although reliance on the FCC, which promulgated the regulation and whose orders bind this Court, should be enough, the text of the TCPA and the regulation itself also support the finding that the company-specific do-not-call rule was implemented pursuant to subsection 227(c). In enacting the TCPA, Congress directed the FCC to "[c]ompare and evaluate alternative methods and procedures (including the use of… company-specific do-not-call systems[.]"  47 U.S.C. § 227(c)(1)(A); *see also 1992 TCPA Order*, 7 FCC. Rcd. 8752 at ¶¶ 7, 10-24.  The text of the company-specific do-not-call rule follows this Congressional directive: it prohibits companies from engaging in telemarketing (the "method") *unless* they have instituted procedures for maintaining the company-specific do-not-call list (the "procedures"). 47 C.F.R. § 64.1200(d); *see also* 47 U.S.C. § 227(c)(2)

(directing the FCC to "proscribe regulations to implement methods and procedures for protecting the privacy rights").

T-Mobile's citation to the title of subsection 227(d) ("Technical and Procedural Standards") to argue that the rule was promulgated under § 227(d) is misguided.  Subsection 227(d) regulates technical and procedural requirements for autodialers, facsimile machines, and artificial or prerecorded voice messages. Those regulations are found in 47 C.F.R. § 64.1200(b), which mirrors this statutory directive. The company-specific do-not-call rule, on the other hand, applies to *all* telemarketing calls, not just the automated calls which are subjected to the stricter rules of 47 U.S.C. § 227(b) & (d) and their respective regulations 47 C.F.R. § 64.1200(a) & (b); *see also Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011) ("Subsection (c) and its accompanying regulations in 47 C.F.R. § 64.1200(d) impose minimum procedures for maintaining a do-not-call list that apply to *all* calls—live or automated—initiated for telemarketing purposes to residential telephone subscribers.") (emphasis in original). Section 64.1200(d) also mirrors the directives in § 227(c), including the directive that the FCC evaluate a "company-specific 'do not call' system[.]" 47 U.S.C. § 227(c)(1)(A).  The fact that § 227(c) itself references the "procedures" to be implemented no less than five times undercuts Defendant's entire argument.  47 U.S.C. § 227(c)(1)(A), (c)(1)(C), (c)(1)(E), (c)(2), & (c)(5).

T-Mobile's citation to the identification requirements in subsection 64.1200(d)(4) is also misplaced. As detailed above, the identification requirements for *automated* calls promulgated pursuant to subsection 227(d) are found at 47 C.F.R. § 64.1200(b).  The overall scheme of the company specific do-not-call rule, on the other hand, is clear that the requirements of subsection 64.1200(d)(4) serve the broader purpose of assisting consumers in "choosing whether to receive further solicitations from a telemarketer." *1995 TCPA Order*, 10 FCC Rcd. 12391 at ¶¶ 5-7 (discussing the requirements of 64.1200(d)(4) (previously 64.1200(e)(2)(iv)) as arising under subsection 227(c)).  Review of the statutory text therefore confirms that subsection 227(c) applies to Plaintiff's claims.

## C.     Courts Agree that Subsection 227(c) Applies to Company-Specific Do-Not-Call Claims.

The majority of courts to address this question agree with the FCC and the text of both the TCPA and the regulation: the private right of action in 47 U.S.C. § 227(c)(5) applies. *See, e.g., Charvat v. GVN Michigan, Inc.*, 561 F. 3d 623, 628-29 (6th Cir. 2009) (finding that the private right of action in 47 U.S.C. § 227(c)(5) applies to violations of 47 C.F.R. § 64.1200(d)); *Cordoba v. DirecTV, LLC*, 320 F.R.D. 582, 587 (N.D.Ga. 2017) (certifying a class under subsections 227(c) and 64.1200(d)); *Nece v. Quicken Loans, Inc.*, 2017 WL 2865047 at *1-2 (M.D. Fla. Jan 3, 2017) (rejecting the argument that the company specific do not call

regulation was promulgated under subsection 227(d)); *Wagner v. CLC Resorts & Developments, Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla. 2014) (Plaintiff's "allegation that [Defendant] violated 47 C.F.R. § 64.1200(d), supports his claim under Section 227(c)(5) of the TCPA."); *Richardson v. Verde Energy USA, Inc.*, No. CV 15-6325, 2016 WL 7380708, at *6 (E.D. Pa. Dec. 19, 2016) (concluding that the TPCA provides a private right of action for claims alleging violations of 47 C.F.R. § 64.1200(d)).

Defendant primarily relies upon *Burdge v. Ass'n Healthcare Mgmt, Inc.*, 2011 WL 379159 (S.D. Ohio Feb 2, 2011). *Burdge*, however, conflicts with the law of its own Circuit. *See Charvat v. NMP*, 656 F. 3d at 449 ("An action based on a telephone call that violates the do-not-call-list regulations, however, is provided for in subsection (c) of § 227."); *see also Charvat v. GVN*, 561 F. 3d at 628-29.  In addition, the plaintiff in *Burdge* incorrectly argued that the company specific do-not-call rule was promulgated pursuant to 47 U.S.C. § 227(b), which regulates automated calls and unsolicited faxes. *Burdge* 2011 WL 379159 at *3-4. Given the choice between subsection 227(b) and (d), it is no surprise that the Court sided with subsection (d).  The *Burdge* Court's failure to cite to subsection 227(c), the FCC's implementing regulations, or binding Sixth Circuit authority undermines any persuasive value T-Mobile attributes to it.

8

Defendant's other cases fare no better. *Worsham v. Travel Options*, *Inc.* was before the Court on a *pro se* Plaintiff's motion for default judgment, and it relies upon *Burdge* as its principal authority.  2016 WL 4592373, *7 (D. Md. Sept. 2, 2016).  Like *Burdge*, *Worsham* fails to conduct an analysis of subsection 227(c) and fails to cite the FCC's Orders promulgating the regulation.  The other cases that T-Mobile relies upon do not even deal with the subsection 64.1200(d). *See Meyer v. Capital All. Grp.*, 2017 WL 5138316  (S.D. Cal. Nov. 6, 2016) (finding no private right of action for violations of 47 C.F.R. § 64.1200(b), which mirrors 47 U.S.C. § 227(d)); *Klein v. Vision Lab Telecomm.*, 399 F. Supp. 2d 528 (S.D.N.Y. 2005) (finding no private right of action for a rule governing fax identifiers); *Salmon v. CRST Expedited, Inc.*, 2016 WL 47876 (N.D. Okla. Jan 4, 2016) (merely finding that the FCC has authority to promulgate rules).  Accordingly, Plaintiff's claims that T-Mobile violated the company-specific do-not-call regulation are actionable under 47 U.S.C. § 227(c)(5).

## II.    The Complaint States a Claim for Violations of 47 C.F.R. § 64.1200(d).

T-Mobile alternatively argues that Plaintiff has failed to plausibly allege that T-Mobile lacked appropriate procedures under Section 64.1200(d) when it repeatedly called Plaintiff.  Doc. 7-1, pp. 8-10.  This challenge should be rejected for two reasons: 1) the institution of procedures is an affirmative defense under 47 U.S.C. § 227(c)(5), for which the Defendant bears the burden of proof; and 2)

Plaintiff's complaint is more than sufficient to meet the plausibility pleading standard.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### A.    The Implementation of Procedures is an Affirmative Defense.

The TCPA provides that "[i]t shall be an affirmative defense in any action brought under [47 U.S.C. § 227(c)(5)] that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). This statement of Congress is clear that implementation of appropriate do-not-call list procedures is an affirmative defense. *See Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, and Stevens, P.A.*, 525 F. 3d 1107, 1110 (11th Cir. 2008) ("[T]he touchstone for determining the burden of proof under a statutory cause of action is the statute itself.").

The FCC has confirmed this reading of the TCPA. *See 1992 TCPA Order*, 7 FCC. Rcd. 8752 at ¶ 24 (recognizing that the affirmative defense in subsection 227(c)(5) applies to any cause of action for a violation of the company-specific do-not-call list regulation). In affirming the requirements of section 64.1200(d)(4),[6] moreover, the FCC held that "the telemarketer bears the burden of ensuring that identification is given." *1995 TCPA Order*, 10 FCC Rcd. 12391 at ¶ 7.  Thus, the

---

[6] Then section 64.1200(e)(2)(iv) (1994).

implementation of procedures under Section 64.1200(d) is an affirmative defense, for which T-Mobile bears the burden of proof.

### 1.  T-Mobile Bears the Burden of Proving its Affirmative Defense.

Even if the text of the TCPA were not clear, which it is, established rules of construction squarely place the burden of proof on T-Mobile.  While the "ordinary default rule" is that "plaintiffs bear the risk of failing to prove their claims, "certain elements of a plaintiff's claim may be shifted to defendants, when such elements can fairly be characterized as affirmative defenses or exemptions." *Thomas*, 525 F. at 1110.  (internal quotations and citations omitted). In addition, "courts will not place the burden upon a litigant of establishing facts peculiarly within the knowledge of his adversary."  *Id.*

The clause requiring the institution of do-not-call list procedures follows the word *unless*, which sets forth an *exception* to the general prohibition on telemarketing calls. 47 C.F.R. § 64.1200(d).  The burden of proving such an exception to the prohibitions of a statute rests on the party asserting the benefit of the exception. *Thomas*, 525 F. at 1110 (citing *Fed. Trade Comm'n v. Morton Salt Co.*, 334 U.S. 37, 44–45(1948)). T-Mobile, moreover, has full knowledge of what exactly took place in connection with its telemarketing calls and its failure to institute appropriate procedures to prevent them from continuing to harass Plaintiff

after he asked T-Mobile to stop calling him. These facts are "peculiarly within the knowledge of [T-Mobile]" and the burden of proving them rests with T-Mobile.

Plaintiff need not negate T-Mobile's affirmative defenses in order to state a claim. *See, e.g., Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010) ("[P]leadings need not anticipate or attempt to circumvent affirmative defenses."); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[P]laintiff need not plead facts responsive to an affirmative defense before it is raised."); *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) ("The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses.").

### 2.   Courts Have Construed Similar Exceptions to the TCPA as Affirmative Defenses.

Courts that have examined the issue do not challenge that the institution of appropriate do-not-call list procedures is an affirmative defense. *See Charvat v. NMP*, 656 F. 3d at 449 ("Subsection (c)'s private-right-of-action provision also includes an affirmative defense if "the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under [subsection (c)].") (alteration in original). Other exceptions in the TCPA have been similarly

12

construed. For instance, another section of the TCPA prohibits making any call using an autodialer or an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b)(1)(A). That section provides an exception for calls made with the prior express consent of the called party. *Id.* Both the FCC and courts have construed this exception as an affirmative defense. *See In re ACA Int'l*, 23 FCC Rcd. 559, ¶ 10 (finding the burden is on the caller to show consent); *Breslow v. Wells Fargo Bank*, *N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012) (finding consent is an affirmative defense) *aff'd by* 755 F. 3d 1265 (11th Cir. 2014); *Van Patten v. Vertical Fitness Group, LLC*, 847 F. 3d 1037, 1044 (9th Cir. 2017); *See also Van Patten* at fn. 3 ("We think it plain from the statutory language that prior express consent is an affirmative defense, not an element of a TCPA claim[.]").

Similarly, the TCPA's definition of telephone solicitation contains an exception for calls "[t]o any person with whom the caller has an established business relationship ["EBR"]." 47 C.F.R. § 64.1200(f)(14).  Courts construing this exception have characterized it as an affirmative defense. *See, e.g., Krakauer v. Dish Network, LLC*, 311 F.R.D. 384, 397 (M.D.N.C. 2015) ("EBR is a defense for [defendant] to prove, and the absence of an EBR is not an element of a TCPA claim that [plaintiff] has to prove."); *Cordoba v. DirecTV, LLC*, 320 F.R.D. 582, 591 (N.D.Ga. 2017) (collecting cases for the proposition that EBR is a defense).

The TCPA is clear: the implementation of appropriate do-not-call list procedures is an affirmative defense. *See* 47 U.S.C. § 227(c)(5). The requirement to institute procedures is properly characterized as an exception to the general prohibition on telemarketing calls. Like other exceptions to the TCPA, the burden of proving the exception belongs to Defendant. *Thomas*, 525 F. 3d at 1110.

### B. The Complaint Sufficiently Pleads T-Mobile's Failure to Implement Appropriate Procedures.

While the burden is on T-Mobile to show that it implemented the proper do-not-call list procedures, Plaintiff's allegations are more than sufficient to state a claim. "Federal Rule of Civil Procedure 8(a)(2) requires that 'a pleading… contain a 'short and plain statement of the claim showing that the pleader is entitled to relief,'" in order to "give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Palm Beach Golf Center Boca v. Sarris*, 781 F. 3d 1245, 1259 (11th Cir. 2015) (*quoting Ashcroft*, 556 U.S. 662. "[A] complaint need only present sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Marsteller v. Tilton*, 880 F. 3d 1302, 1310 (11th Cir. 2018). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554–56.

### 1.    T-Mobile Failed to Implement Appropriate Procedures.

Plaintiff alleges that he has received several telemarketing text message calls from T-Mobile, and includes the content of these calls in his complaint.  Doc. 1, ¶¶ 11-15. Defendant does not challenge the telemarketing nature of these calls. Plaintiff further alleges that he made at least four do-not-call requests, and that he escalated his complaints to the office of T-Mobile's president. Doc. 1, ¶¶ 25-31. In response to these complaints, T-Mobile confirmed that it is *unable to stop its system generated messages*. *Id.* at ¶¶ 28, 31. This admission alone is sufficient to demonstrate that T-Mobile has failed to institute appropriate procedures to honor do-not-call requests.

In addition, Plaintiff asserts that he continued to receive multiple calls after making his do not call requests, including messages more than 30 days[7] after Plaintiff's do-not-call requests. *Id.* at ¶¶ 13-15.[8] Plaintiff therefore alleges that T-Mobile's do-not-call policy, if it has one at all, is insufficient and does not comply with Section 64.1200(d)'s minimum standards. *Id.* ¶¶ 33-34. Plaintiff also alleges the full content of some of the calls at issue, and none of them provide a telephone number or address to contact T-Mobile for making a do not call request. *Id.* at ¶¶

---

[7] The 30 day period is not a safe harbor. *2003 TCPA Order* at ¶ 94. It operates as a cap where anything beyond 30 days is *per se* unreasonable. *Id.*

[8] In fact, this lawsuit has not stopped the calls. T-Mobile sent a marketing text message to Plaintiff on July 14, 2019, almost a month after T-Mobile first appeared in this action.

11-15; 47 C.F.R. § 64.1200(d)(4). T-Mobile's failure to have a dedicated telephone number or address for processing do not call complaints is a substantial defect in any do-not-call policy that results in the failure to document and honor requests.

These allegations readily state a claim for violation of Section 64.1200(d)'s requirements.  *See Buja v. Novation Capital, LLC*, No. 15-81002-CIV, 2017 WL 10398957, at *5 (S.D. Fla. Mar. 31, 2017) (upholding allegations that "Defendants did not have reasonable practices and procedures in place to effectively prevent telephone solicitations ... as evidenced by its calls to Plaintiff who repeatedly requested Defendants stop calling."); *Mattson v. Quicken Loans, Inc.*, No. 3:18-CV-00989-YY, 2018 WL 5255228, at *3 (D. Or. Oct. 22, 2018) ("Courts have inferred that internal do-not-call procedures are deficient when calls to an individual who has requested not to be called continue.").

## III.  CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court deny T-Mobile's Motion to Dismiss. If the Court grants the motion in full or part, Plaintiffs respectfully request leave to amend under Fed. R. Civ. P. 15(b).

RESPECTFULLY SUBMITTED:

**SKAAR & FEAGLE, LLP**

By: /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone:  (770) 427-5600
Facsimile:  (404) 601-1855
Email:  jholcombe@skaarandfeagle.com

Daniel C. Girard (*pro hac vice*)
*dgirard@girardsharp.com*
Simon S. Grille (*pro hac vice*)
*sgrille@girardsharp.com*
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Tel: 415-981-4800
Fax: 415-981-4846

**CERTIFICATE OF COMPLIANCE WITH LR 5.1B & 7.1D, NDGa.**

Pursuant to LR 7.1D, NDGa., I certify that this document has been prepared

with one of the font and point selections approved by the court in LR 5.1B, to wit:

[x]     Times New Roman, 14 point.

By:   /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
133 Mirramont Lake Drive
Woodstock, GA 30189
Telephone:  (770) 427-5600
Facsimile:  (404) 601-1855
Email:  jholcombe@skaarandfeagle.com